THE HARTFORD-CONNECTICUT TRUST COMPANY, TRUSTEE, *vs.* GOODWIN BATTERSON BEACH ET ALS.

First Judicial District, Hartford, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A provision in a will that property shall be distributed equally to "all my grandchildren," is a gift to a class, and imports, in the absence of any expressed intent to the contrary, a distribution or division *per capita* and not *per stirpes*.

A testatrix gave one half of her residuary estate to a trustee to set aside from it certain sums for named grandchildren, and a further sum for the benefit of her son. She then provided that at her son's death his part should immediately become beneficial to his child born during her lifetime if he should leave but one, or to the issue of such child if he or she should die before her son leaving issue, and that "in such case" the remaining principal should be distributed equally "to all my grandchildren and the issue of such deceased grandchildren as may be born during my lifetime, if any, they to take *per stirpes* and not *per capita*." When the son died subsequent to the death of the testatrix, there were living five grandchildren,—a son of the testatrix's son born during her lifetime, and four children of a daughter. No grandchild had died leaving issue. In behalf of one of the parties it was contended that "in such case" referred to the death of a grandchild leaving issue, and as such contingency had not occurred, the "remaining principal" was intestate; also that if distribution was to be made to the grandchildren, it should be made *per stirpes*. *Held:*—

1. That the contingency referred to was clearly that the son's part should immediately become beneficial to his child born during the testatrix's lifetime—an event which had happened—and hence that this portion of the property was not intestate.

2. That the word "they," near the close of the quotation, clearly referred not to the testatrix's grandchildren, but to the issue of deceased grandchildren.

3. That the intent of the testatrix to follow the usual rule of class distribution was quite apparent, and hence the grandchildren took equally *per capita* and not *per stirpes*.

Argued January 4th—decided March 1st, 1924.

SUIT to determine the construction of the will of Eunice Goodwin Batterson of Hartford, deceased,

brought to and reserved by the Superior Court in Hartford County, *Maltbie, J.,* upon an agreed statement of facts, for the advice of this court.

On January 10th, 1897, Eunice Goodwin Batterson of Hartford died, leaving a will executed January 30th, 1895. So far as relevant to the questions presented for advice, the will is as follows:—

SECOND: I give to my daughter, Mary Batterson Beach, all my jewelry, wearing apparel and personal effects, including the portraits in oil of my father and mother.

FOURTH: I give to my daughter, free and discharged of all incumbrances, the lot of land with the buildings thereon, on the corner of Woodland and Niles Streets in said Hartford.

FIFTH: All the rest and residue of my estate shall be by my executor, divided into two equal shares or parcels which I direct to be distributed, held, managed and disposed of as hereinafter expressly provided.

SIXTH: One of said shares or parcels I give to my husband James G. Batterson, as trustee, and he, and those who may succeed him in said trust shall administer the same in the following manner. It shall be the duty of such trustee to pay the net income of said share or parcel to my daughter Mary Batterson Beach, at proper and convenient times. . . . Said trust shall not continue beyond the lifetime of my daughter, and at her death the principal of said share or parcel shall be distributed to her children then surviving her, share and share alike, except that if any of her children shall have died leaving issue, the share such deceased person would take, if living shall go to his or her child or children. . . .

SEVENTH: The other of said two equal shares or parcels mentioned in the fifth article hereof, I give to my husband James G. Batterson as trustee, and he

and those who may succeed him in said trust shall administer the same in the following manner: It shall be the duty of said trustees to set apart and invest the sum of twenty thousand dollars in four separate funds of five thousand dollars each, one thereof for the benefit of my grandson, Goodwin Batterson Beach, one for the benefit of my grandson, Joseph Watson Beach, and one for the benefit of my grandson, Charles Bradford Beach, and one for the benefit of my grandson, Walter Ellsworth Batterson.  Each of said funds shall be allowed to increase and accumulate. . . .  If either of the sons of my daughter should die before receiving such principal leaving no child, his share shall go to his surviving brothers or brother.  If my grandson Walter shall die before receiving such principal, leaving no child, the share provided for him shall be added to the general fund or share mentioned at the beginning of this Seventh article, remaining after making the several specific provisions in this article set forth.  Said trustee shall also set apart and invest as a separate fund the sum of seventy-five thousand dollars, the net income of which I direct to be paid to my son James G. Batterson Junior at proper and convenient times during his life. . . .

(The next clause or provision is omitted, because it is the portion of the will in controversy and is quoted in full in the opinion.)

The will continues: "I desire to explain that the provisions herein made for my son and my daughter, although apparently disproportionate are not in fact so because advancements of funds have been made for my son's benefit both by my husband and by myself."

James G. Batterson, her husband, qualified as sole executor and as trustee under the 6th and 7th articles of the will, and acted, under article seven, as such trustee until his death on or about September 18th,

1901. Since December, 1901, the plaintiff has, under lawful appointment, been acting as trustee of these trusts.

The testatrix had two children, a son, James G. Batterson, Jr., and a daughter, Mary B. Beach; both survived the testatrix. On January 17th, 1923, her son James G. Batterson died, leaving a will, which will named the defendants The American Exchange National Bank and Marie R. Trunck, as executors. He left surviving him as his only heir at law, his child born October 6th, 1886, during the lifetime of the testatrix, to wit, the defendant Walter E. Batterson, the grandson of the testatrix. The daughter of the testatrix, Mary B. Beach, has four children, all of whom are living, their names and dates of birth being as follows: Goodwin Batterson Beach, born October 2nd, 1885; Joseph Watson Beach, born March 26th, 1888; Charles Bradford Beach, born November 1st, 1894; and Elizabeth Goodwin Beach Powell, born November 17th, 1896. No grandchild of said testatrix at any time died leaving issue.

The inventory filed of the estate of the testatrix was $436,097.40. On December 3rd, 1898, the executor of the will of the testatrix, in accordance with the provisions of the seventh article, set apart for the benefit of Goodwin Batterson Beach, Joseph Watson Beach, Charles Bradford Beach and Walter E. Batterson, the sum of $5,000 for each. On June 28th, 1898, the executor paid over to Mary Batterson Beach, who qualified as trustee under the provisions of the sixth article of said will, the sum of $191,828.69, being one half of the rest, residue and remainder of the estate at that time, and to James G. Batterson, trustee under the seventh article, the sum of $171,828.69, which, together with the $20,000 set apart for the grandsons of the testatrix on December 3rd, 1898, was also one

half of the rest, residue and remainder at that time.

The $75,000 fund set apart under the provisions of the seventh article was stated by the trustee to be on December 24th, 1922, about $77,354.73, and "the remaining principal of the general share or parcel at the beginning of this seventh article mentioned" was stated by the trustee to be on September 21st, 1923, about $103,427.12.

That portion of the testatrix's estate described in the seventh article of her will as "the remaining principal of the general share or parcel at the beginning of this seventh article mentioned," is now held by the plaintiff as trustee as aforesaid, and is ready for distribution to the persons entitled thereto.

The questions upon which advice is asked are as follows:—

1. Whether or not under the will and particularly the seventh article thereof, that part of the estate described in the seventh article of the will as "the remaining principal of the general share or parcel at the beginning of this seventh article mentioned," should be distributed to the above-named grandchildren of the testatrix *per stirpes* or *per capita*— that is to say, whether the said Walter E. Batterson should take one half of said remaining principal and the children of Mary B. Beach one half thereof, or whether said Walter E. Batterson should take one fifth of the remaining principal and each of the children of Mary B. Beach one fifth thereof.

2. Whether or not under the will, and particularly the seventh article thereof, that part of the estate described in the seventh article of the will as the "remaining principal of the general share or parcel at the beginning of this seventh article mentioned," is intestate estate, because the said James G. Batterson, son of the testatrix, died leaving one child surviving

him, and the child did not die before the son of the testatrix leaving issue; and, if this part of the estate be intestate estate, whether it should be divided equally between the estate of James G. Batterson, son of the testatrix, and Mary B. Beach.

*John T. Robinson,* for the plaintiff.

*Edward M. Day,* for the defendants Goodwin Batterson Beach *et al.*

*Robert C. Dickenson,* for the defendant Walter E. Batterson.

*John F. Forward,* for the defendants The American Exchange National Bank and Marie E. Trunck, executors.

CURTIS, J. The second question reserved naturally presents itself for solution at the outset, since if it is held, under the situation presented, that under the seventh article of the will "the remaining principal of the general share or parcel at the beginning of this Seventh article mentioned" is intestate estate, there should be no occasion for considering question one. The portion of the seventh article involved in the consideration of this question is as follows:—

"Upon the death of my son, the principal of said fund of seventy-five thousand dollars shall immediately become beneficial to his child born during my lifetime if he shall leave but one, or to the issue of such child if he or she shall die before my son leaving issue, and in such case the remaining principal of the general share or parcel at the beginning of this Seventh article mentioned shall be distributed equally to all my grandchildren and the issue of such deceased grandchildren

as may be born during my lifetime, if any, they to take *per stirpes* and not *per capita.*"

The executors under the will of the deceased son of the testatrix, James G. Batterson, claim that the term "in such case" in the above excerpt from the seventh article of the will, refers to the expression "or to the issue of such child if he or she shall die before my son leaving issue," and that as the child of her son, to wit, Walter E. Batterson, did not die leaving issue before the death of the son of the testatrix, the contingency under which "the remaining principal of the general share or parcel at the beginning of this Seventh article" was to be distributed never arose, and hence it became intestate estate.

This claim and construction, we think, cannot be sustained, as the expression "in such case" clearly refers to "the principal of said fund of seventy-five thousand dollars becoming beneficial" to the child of her son born during testatrix's lifetime or to the issue of such child. This construction is so obvious and necessary, that the matter does not justify discussion.

As Walter E. Batterson, the sole surviving child of her son James, was born during the testatrix's lifetime, the principal of the trust fund of $75,000 did in fact become beneficial to him, the contingency arose in which (such) case the "remaining principal" was to be distributed, and the remaining principal did not become intestate estate. Question two must therefore be answered "no."

The remaining question arises from the situation created by the death of the testatrix's son on January 17th, 1923. The testatrix, as appears by article seventh of her will, created several trusts out of one half of the rest and residue of her estate, amounting to about $190,000. For each of her four grandsons living when the will was executed she created a trust of

$5,000. Three were children of her daughter and one the child of her son. She also created a trust of $75,000 for her son, James G. Batterson, Jr. Provision was also made in article seventh for the benefit of her son, for her trustees at their discretion to pay to him the net income of the balance of the one half of the rest and residue of her estate, and also portions of the principal. Article seventh then provides: "Upon the death of my son, the principal of said fund of seventy-five thousand dollars shall immediately become beneficial to his child born during my lifetime if he shall leave but one, or to the issue of such child if he or she shall die before my son leaving issue, and in such case the remaining principal of the general share or parcel at the beginning of this Seventh article mentioned shall be distributed equally to all my grandchildren and the issue of such deceased grandchildren as may be born during my lifetime, if any, they to take *per stirpes* and not *per capita.*"

At the death of the testatrix's son in 1923, there were five grandchildren of the testatrix surviving, and no grandchild had died leaving issue; these five grandchildren consisted of one child of her son and four children of her daughter. The child of her son claims that under the above excerpt from article seventh, the "remaining principal of the general share at the beginning of the Seventh article mentioned," now amounting to about $103,000, should be divided among the grandchildren of the testatrix *per stirpes*, whereby he would receive one half and the children of the testatrix's daughter one half to be equally divided among them. The children of the daughter of the testatrix claim that under the will the "remaining principal of the general share" should be divided among the five grandchildren *per capita.*

"To aid in the construction we invoke, first, the

paramount rule that requires us to ascertain if possible the intention of the testator from the language of the will and all the circumstances." *Raymond* v. *Hillhouse*, 45 Conn. 467, 472. The child of her son claims that the language of the will indicates the intent of the testatrix to be that the "remaining principal" in question shall be distributed among her grandchildren *per stirpes*. He claims that the last clause of the above excerpt from article seventh, reading "they to take *per stirpes* and not *per capita*," should be construed to the effect that the "they" has for its antecedent not only the "issue of deceased grandchildren" but also the words "all my grandchildren" preceding. A reading of that portion of the will discloses that such a construction is so strained and forced as not to be sustainable. The "they" who are to take *per stirpes*, are the issue of deceased grandchildren. Turning to the excerpt from article seventh, the provision that "the remaining principal" in question "shall be distributed equally to all my grandchildren," must therefore be read and construed free from any limitations arising from the words following in the sentence. A provision that property shall be distributed equally to all my grandchildren has a plain and unambiguous meaning under our law. Such a provision is a gift to a class, and such a gift is a gift to each member of the class *per capita*. *Post* v. *Jackson*, 70 Conn. 283, 39 Atl. 151. "In case of a gift to a class, where the proportionate share of each member is not determined by the will, distribution *per capita*, rather than by representation *per stirpes*, will generally be had." Gardner on Wills (2d Ed.) p. 403. This rule from Gardner is quoted with approval and followed in *Hoadley* v. *Beardsley*, 89 Conn. 270, 283, 93 Atl. 535. See, also, 2 Jarman on Wills (6th Ed.) [1051]; *McIntire* v. *McIntire*, 192 U. S. 116, 121, 24 Sup. Ct. 196; Schouler on Wills (5th Ed.)

Vol. 1, § 540; 40 Cyc. 1401. Since by our law a gift to a class indicates primarily a gift to the members of the class *per capita* (*Post* v. *Jackson, supra,*), the expression in the provision in question that the property "shall be distributed equally" makes the intent of the testatrix as to a *per capita* distribution practically beyond question. It is true that a distribution *per stirpes* might be upheld in spite of the use of the words "distributed equally," if the will otherwise disclosed an intent to make a *per stirpes* distribution among the grandchildren, for a distribution *per stirpes* may be appropriately spoken of as "equally distributed." *Raymond* v. *Hillhouse,* 45 Conn. 467, 473. But this will may be searched in vain for any indication of an intent on the part of the testatrix to depart from the import of a gift to a class as a *per capita* gift as it is recognized in our law. See *Post* v. *Jackson* and *Hoadley* v. *Beardsley, supra.*

The testatrix discloses no intent in any part of the will to modify the recognized construction of a gift to a class, by any indication that she intended to make the gift to this class a gift *per stirpes.* The several uses of the terms *per stirpes* and *per capita* in the will show that she was fully informed of the meaning of these terms and competently guided as to their use. Therefore, if it had been her intent to provide that the gift in question should not be divided among her grandchildren equally *per capita,* the method to accomplish that result was at her disposal.

The Superior Court is advised that the "remaining principal" of the estate, referred to in question one, should be distributed to the five grandchildren of the testatrix *per capita,* and that question two is answered in the negative.

No costs will be taxed in this court.

In this opinion the other judges concurred.