# United States Trust Company of New York, Trustee (Estate of Sebastian D. Lawrence) v. Nanine P. Pervere et al.

SUPERIOR COURT      NEW LONDON COUNTY      FILE No. 19992

Memorandum filed July 22, 1953.

*Foster K. Sistare,* of New London, for the Plaintiff.

*George C. Conway,* Attorney General, and *Harry L. Brooks,* Assistant Attorney General, of Hartford.

*Robinson, Robinson & Cole,* of Hartford, *Waller, Anderson & Smith, McGuire & McGuire* and *Belton A. Copp,* all of New London, *Brown, Jewett & Driscoll,* of Norwich, *Cummings & Lockwood* and *Charles Townsend, Jr.,* both of Stamford, for the Defendants.

TROLAND, J. This is a proceeding brought by United States Trust Company of New York, as trustee of the trust created under article second of the will of Sebastian D. Lawrence, deceased, for a construction of the will. All persons having an interest in the trust have been joined as defendant parties and have appeared and are represented by their attorneys. Guardians ad litem have been appointed on behalf of possible unborn and unknown persons who would have an interest in the trust. Answers have been filed by all the defendants and the parties have entered into a stipulation, dated January 20, 1953, agreeing as to the facts and certain of the questions raised by the complaint. Certain other questions were reserved for determination by the court upon the facts as fixed by the stipulation.

### FACTS

Sebastian D. Lawrence died a resident of New London on May 28, 1909. He left a will which was admitted to probate by the Probate Court, district of New

London, pursuant to a settlement agreement dated January 25, 1910. The stipulation entered into by the parties hereto recites that the 1910 agreement has been approved and ratified by or on behalf of all of the parties hereto and for the purposes of this proceeding, at least, it is considered as binding upon all of them.

At the time the will was executed the testator had three nieces, Josephine L. Butler, Nanine L. Pond and Sarah True. Two of the nieces survived the testator but Sarah True predeceased him, leaving her sole issue, Edward R. True, Jr., surviving. These nieces and their issue were the principal object of the testator's bounty, the will providing for a number of trusts and bequests in their favor. It is one of these trusts, created by article second of the will, which is now before the court. Article second of the will provides as follows: "SECOND I give the Income on Two hundred & fifty (250) thousand Dollars to my three Nieces or to those living at the time of my decease during their lifetime securities from my Estate to be deposited with United States Trust Company of New York said Company to be the Trustees the securities deposited to yield not less than 3–½ to 4% per annum the Income to be paid semiannually to my living Nieces during their lifetime after the decease of my Nieces and they leaving Children I direct that one hundred & fifty ($150)000) thousand Dollars from the above amount to be put in Trust for such Child or *Children* of my Nieces for the term of Fifteen years income to be paid to them half yearly at the expiration of the trust to go to them or their issues equally. If there are no living Children at the decease of all my Nieces I direct the $250000) to be bequeathed as follows *$150000*) to the Joseph Lawrence hospital that is to be built at New London Conn and $100,000 one hundred thousand Dollars to the Protestant Episcopal Churches of Conn the In-

come only to be spent. If there are Children of my Nieces, that amount above named to be reduced to *$50000* to Each namely *$50000.* to Hospital and *$50000.* to the *Churches* as a Memorial to my Brother Francis W *Lawrence.*"

This trust was affected by the settlement agreement of January 25, 1910, as follows:

"THIRD.—The parties of the third part agree that upon the death of the survivor of said parties of the third part there shall be set apart and appropriated for said Edward R. True, J., out of the sum of One hundred and Fifty thousand dollars ($150,000) directed in Paragraph Second of said will 'to be put in Trust for such Child or Children of my Nieces for the term of Fifteen years,' the sum of Fifty thousand dollars ($50,000), which shall thereafter be held in trust by the United States Trust Company of New York for said Edward R. True, J., and that the net income of said sum of Fifty thousand dollars ($50,000) shall be paid to said Edward R. True, J., or his guardian, heirs, executors, administrators or assigns, until the expiration of the fifteen (15) years referred to in said Paragraph Second of said will and upon the expiration of said fifteen (15) years the principal of said sum of Fifty thousand dollars ($50,000) shall be paid to said Edward R. True, Jr., or his heirs, executors, administrators or assigns; and the parties of the third part hereby agree to assign and convey and do hereby assign and convey unto said Edward R. True, Jr., his heirs, executors, administrators and assigns, all their right, title, claim and interest in and to said sum of Fifty thousand dollars ($50,000) to be set apart and appropriated as aforesaid for said Edward R. True, Jr. * * * The Guardian, both individually and for said Edward R. True, Jr., and said Edward R. True, Jr., acting by the Guardian, hereby acknowledge that, except as in

this Paragraph Third of this agreement above provided, he the said Edward R. True, Jr., has no right to share in the income or in the principal of the trusts created by Paragraph Second of said will, * * * and the Guardian, both individually and for said Edward R. True, Jr., and said Edward R. True, Jr., acting by the Guardian, for themselves and their respective successors, heirs, executors, administrators and assigns hereby agree to assign and convey and do hereby assign and convey unto the parties of the third part, and their respective heirs, executors, administrators and assigns as tenants in common, all the right, title, claim and interest of him the said Edward R. True, Jr., in and to the income or the principal of said trusts created by Paragraph Second of said will, except as in this Paragraph Third of this agreement above provided, * * *"

United States Trust Company of New York qualified as trustee of the trust and received from the executors the securities and cash constituting the principal thereof. As a result of the deduction of the Connecticut succession tax, the securities and cash received by the trustee had a value of $242,508.82 and not $250,000 as provided in the will.

Sarah True having predeceased the testator, the income was paid in equal shares to Nanine L. Pond and Josephine L. Butler until the death of Josephine L. Butler on October 15, 1930. Following her death the trustee brought a proceeding for the construction of the will and by order of this court dated July 15, 1932, it was determined that the full income from the trust was payable to Nanine L. Pond.

Josephine L. Butler left three children her surviving. Two of these children are still living, but one, Francis Clarke Joseph Butler, died June 19, 1940. The executor of his estate is a party to this proceeding.

Nanine L. Pond died on February 1, 1950, at which time the trust had a value of $210,729.53. She left her surviving four children and a number of grandchildren, all of whom are parties to this proceeding.

The will provides that upon the death of the last surviving niece, a portion of the trust was to be distributed to "The Protestant Episcopal Churches of Conn." No organization with this particular name existed. The Missionary Society of the Diocese of Connecticut claims to be the legatee so named. It is this society which was paid the legacy of $20,000 bequeathed by article thirteenth of the will to "the Protestant *Episcopal* Church of Connecticut" as set forth in the executors' account, dated August 11, 1910, approved by order of the Probate Court, district of New London, dated November 15, 1910.

By the stipulation of the parties hereto it has been agreed the 1/5th of the trust fund as presently constituted is distributable to The Joseph Lawrence Free Public Hospital, the legatee named in the will as "the Joseph Lawrence hospital that is to be built at New London Conn," and 1/5th is distributable to the Missionary Society of the Diocese of Connecticut, the legatee named in the will as "the Protestant Episcopal Churches of Conn," and that the balance of the fund is to be continued in trust until February 1, 1965, 1/5th for the benefit of the True family and 2/5ths for the benefit of the Butler family and the Pond family.

The precise portion of income and principal distributable to each is the primary issue before the court, and the specific words which control are these:

"[A]fter the decease of my Nieces and they leaving Children I direct that one hundred fifty ($150)000) thousand Dollars from the above amount to be put in Trust for such Child or *Children* of my Nieces for the

term of Fifteen years income to be paid to them half yearly at the expiration of the trust to go to them or their issues equally."

The interrogatories which the parties desire to have answered by this court are as follows:

(A) What disposition should be made of the income and principal distributable to the True interests in the event Edward R. True, Jr. dies prior to February 1, 1965?

The disposition of this share is governed by article third of the 1910 agreement. Pursuant to such agreement the income from the share continued in trust for the benefit of the True interests is payable to Edward R. True, Jr., until February 1, 1965, the date of termination. At that time he will receive the principal of such share.

It is to be noted that the question of the vesting or not vesting of the share of Edward R. True, Jr., is settled by the agreement of 1910 and not by the will. In this respect the considerations involved in answering interrogatory A, above, differ materially from those involved in answering interrogatory (C), hereinafter discussed.

The court is of the opinion that the share of Edward R. True, Jr., in the fund is now vested in him absolutely, the enjoyment of the principal only, being deferred until February 1, 1965. In the event of the death of Edward R. True, Jr., before February 1, 1965, without his previous disposition of said interest, the income and ultimately the principal will be payable to the estate of said Edward R. True, Jr. The trustee is so advised.

(B) To which of the parties comprising the Pond interests and Butler interests should the principal and/or income from the property continued in further trust for them be paid, and in what proportion?

In determining this question it will be necessary to decide (1) who are members of the class, described in the will as "children" of the nieces or their "issues," entitled to the income and principal, (2) whether distribution of the income and principal should be made per stirpes or per capita, and (3) whether the estate of Francis Clarke Joseph Butler, deceased, child of one of the nieces, has any interest in the principal or income of the trust.

In the opinion of the court, under the circumstances of this case, the language of the will does not leave the intent of the testator in serious doubt. The paramount rule requires us to ascertain if possible the intention of the testator from the language of the will and all the circumstances. The meaning of the provisions of this will is plain and unambiguous. The gift is to a class consisting of the children of life tenants living at the death of the surviving life tenant. A class gift is defined in 1 Jarman, Wills (7th Ed.) p. 309, as follows: "A number of persons are popularly said to form a class when they can be designated by some general name, as 'children,' 'grandchildren,' 'nephews'; but in legal language the question whether a gift is one to a class depends not upon these considerations, but upon the mode of the gift itself, namely, that it is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons."

It can clearly be seen that the language of article second fits this definition of a class gift. There is a gift of an aggregate sum, i.e., $150,000; it is a gift to a body of persons uncertain in number at the time of the gift, which in this case would depend on the number of children of nieces; the number of persons to share in the gift was not ascertainable until the death

of Nanine L. Pond; and the share of each of the children of nieces depends on the number of children of nieces surviving Nanine L. Pond. The language of the will provides for a gift to a class of a single group, *"Children* of my Nieces." A class gift in favor of such single group gives each member a per capita share. Restatement, 3 Property § 300.

The use of the word "equally" further strengthens the conclusion that distribution must be per capita. A further corroborative factor is that the beneficiaries described by the single group designation are all identically related to the testator. Restatement, 3 Property § 300, comment e.

The court has carefully checked the many Connecticut cases cited by the contending parties in their briefs and has concluded that in addition to the unambiguous language in the will itself, its guiding light and rule to follow is laid down in *Hartford-Connecticut Trust Co.* v. *Beach,* 100 Conn. 351. Accordingly the trustee is advised that the two-fifths of the fund held for the benefit of the Pond interests and the Butler interests is to be divided among the beneficiaries per capita, and further that the estate of Francis Clarke Joseph Butler, deceased, child of Josephine L. Butler, has no interest in the principal or income of the trust.

Therefore the income of this portion of the trust is payable to the six children of the testator's nieces, Nanine L. Pond and Josephine L. Butler, who were living at the time of death of Nanine L. Pond, in equal shares. Upon the termination of this trust, the principal thereof is distributable equally to the said children of Nanine L. Pond and Josephine L. Butler, who were living at the time of death of Nanine L. Pond, or their issue.

(C) In the event of the death prior to February 1, 1965, of any such party entitled to receive a share of

the principal and/or income in answer to (B), what disposition should be made of the shares of principal and/or income the party would have received had it survived?

In determining this question it will be necessary to decide whether the interests of such persons are vested or contingent and, if contingent, who would be entitled to receive the principal and income in their places.

No party referred to in above interrogatory has yet died. The question raised is moot. The contingencies that may happen are many. The circumstances in which the parties presently find themselves may change substantially before any such contingency occurs, if at all. The Butler interests are of the opinion that any position which they could now take would be premature and might well not be in their real interest. The Pond interests have taken no position on the matter in their briefs. There is no certainty that the question will ever arise. Therefore in the exercise of its discretion the court declines to answer interrogatory (C).

The stipulation entered into on behalf of all the parties is found to be in the best interest of all concerned and is approved.

Judgment may enter (1) advising the trustee of the answers to interrogatories (A) and (B) as set forth above; (2) allowing to the plaintiff trustee the sum of $4500 as reasonable counsel fees in this proceeding, payable out of the entire trust fund, and its expenses taxed at $253.40; (3) a separate judgment may enter authorizing and directing the trustee to pay, forthwith, to The Joseph Lawrence Free Public Hospital one-fifth part of the remaining principal of the trust and one-fifth part of the income accumulated thereon since February 1, 1950, and allowing to McGuire and McGuire, its attorneys, as reasonable counsel fees in

the proceeding $1000 payable out of such one-fifth part of said trust; (4) a separate judgment may enter authorizing and directing the trustee to pay, forthwith, to the Missionary Society of the Diocese of Connecticut, one-fifth part of the remaining principal of the trust and one-fifth part of the income accumulated thereon since February 1, 1950, and allowing to Robinson, Robinson and Cole, its attorneys, as reasonable counsel fees in this proceeding $1200 payable out of such one-fifth part of said trust; (5) allowing to Belton A. Copp, attorney for the parties described as the "True interests," as reasonable counsel fees in this proceeding, payable out of the one-fifth part of the trust held for said True interests, $2500; (6) allowing to Cummings and Lockwood, attorneys for the parties described as the "Butler interests," as reasonable counsel fees in this proceeding, payable out of the share of said trust distributable to said Butler interests, as established herein, $4,000; (7) allowing to Wilkie, Owen, Fan, Gallagher and Walton, and Brown, Jewett and Driscoll, attorneys for the "Pond interests," as reasonable counsel fees in this proceeding, payable out of the share of said trust distributable to said Pond interests, as established herein, $3500.

No other costs shall be taxed in favor of or against any party.